## Saba, Appellant, *v.* McElwaine.

*Husband and wife—Interpleader—Wholesale liquor business—Claim by wife for liquors and cigars—Public policy.*

1. Where a husband conducts a wholesale liquor business in a building owned by the wife, and execution is issued on a judgment against the husband against wines, liquors and cigars on the premises and the wife of the defendant claims certain of the liquors and cigars which she had purchased subsequent to the creation of the husband's debt to the plaintiff in the execution, there is no reason of public policy why the wife's claim should not be adjudicated as to the liquor and cigars in interpleader proceedings as in the case of any other property.

*Interpleader—Sheriff's interpleader—Form of verdict—Act of May 26, 1897; P. L. 95.*

2. Where claimants in a proceeding under the Interpleader Act of May 26, 1897, P. L. 95, give a bond and take the goods, the value of the goods must be determined by the jury.

3. A verdict in interpleader is erroneous in the following form: "In favor of the plaintiff and against the defendants for all the goods in dispute, excepting (certain specified articles) for which we find in favor of the defendants."

Argued March 4, 1914. Appeal, No. 2, March T., 1914, by plaintiff, from judgment of C. P. Luzerne Co., Oct. T., 1910, No. 924, on verdict for plaintiff in case of Martha Saba v. McElwaine, Knight & Co. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Interpleader to determine ownership of wines, liquors and cigars. Before GARMAN, J.

At the trial it appeared that Elias Saba had a wholesale liquor license which he conducted in a building owned by his wife. The defendants obtained a judgment against him on which execution was issued, and Martha Saba, the wife of Elias Saba, claimed the goods which had been levied upon, filing the following schedule with her claim:

"Five barrels of liquors, and ten and one-half barrels

of liquors. . Twenty-four bottles of wines, and liquors, purchased by plaintiff claimant from the Standard Distributing Company, of Scranton, Pa., and the Trembrick Company, of Philadelphia, Pa. Fifty-four boxes of cigars, by plaintiff claimant from A. Naum, of Shenandoah, Pa. Thirty-six boxes of stockings, by plaintiff claimant from Plymouth Hose Company. Empty jars, by plaintiff claimant from George Jacob, Wilkes-Barre, Pa. Horse and wagon, by plaintiff claimant from Frank Seeley, Plymouth, Pa. Show case and contents, fifty pair of shoes, twenty-four boxes containing men's hats, four shelves of men's shirts, trousers and caps, four shelves of men's underwear goods, hose, etc., lot of straw hats and men's clothing and lot of picture frames, purchased by plaintiff claimant from A. J. Young, landlord, who purchased same at a constable's sale of effects of Elias Saba, conducted by R. S. Roberts, constable, on distress for rent, October 26, 1909, . together with additions to stock from time to time purchased by plaintiff claimant from regular dealers in same and others.

"The above-named purchases were made by plaintiff claimant with money derived from her by judgments and mortgages against her property, the same being duly recorded in the proper office for recording same in the county of Luzerne and state of Pennsylvania."

The indebtedness of Elias Saba to the defendants, antedated the purchase of the above items by the wife.

The court charged in part as follows:

[But we now come to the liquors. Saba obtained a license from the county of Luzerne and from the United States to sell liquors and cigars. The only way he did the business, he would have you believe, was by having his· wife buy the liquors, put them into her store and blend them with her stock, which he was selling, going out and selling as his, that is to say, putting the goods in his possession and still retaining the ownership of

them.  And we say to you, that, as a matter of public policy, under the liquor license laws and the laws of this commonwealth, we cannot permit you to find a verdict in her favor for the liquors and cigars, and we direct you positively to find by your verdict in favor of the defendant for the liquors, wines, and fifty-four boxes of cigars, being the first four items on the claim as presented here.] [1]

The jury returned the following verdict:

Now, February 6, 1912, jury file into open court and render a verdict in favor of the plaintiff and against the defendant for all the goods in dispute excepting five barrels of liquors, ten and one-half barrels of liquors, twenty-four bottles of wines and liquors, and fifty-four boxes of cigars for which they find in favor of the defendants.

*Errors assigned* were (1) portion of charge as above, quoting it, and (3) in receiving and recording the verdict, in so far as it related to the liquors, wines and cigars.

*James L. Lenahan*, with him *James McCabe*, for appellant.

*Charles M. Bowman*, with him *Reynolds & Reynolds*, for appellees.

OPINION BY ORLADY, J., July 15, 1914:

A feigned issue under the interpleader act was awarded by the court below, on the petition of the sheriff when the plaintiff herein, the claimant, filed her bond, and retained the property the title to which was in dispute.

Elias Saba, husband of the claimant, held a wholesale liquor dealer's license and conducted a liquor business in a building owned by the wife.  A part of the goods levied upon by the defendants consisted of wines, liquors and cigars, which were claimed by the plaintiff as her own property.  In regard to these the trial judge charged the jury: "We say to you, that as a matter of

public policy, under the liquor license laws and the laws of this commonwealth, we cannot permit you to find a verdict in her favor for the liquors and cigars and we direct you positively to find by your verdict in favor of the defendants for liquors, wines and cigars." This binding direction was erroneous. The sole question in regard to these items was their legal ownership, and this was a question of fact for the jury to be determined under the evidence with proper instructions from the court. The indebtedness of the plaintiff's husband to the defendants antedated the purchase of these items by the claimant. He received no credit from the defendants by reason of these items being in the store conducted by him. The fact that they were there, and that they were liquors and cigars did not affect her title to them. That question was to be decided as in the case of any other property, and the jury should have been so instructed.

A verdict was rendered "In favor of the plaintiff and against the defendants for all the goods in dispute, excepting (certain specified articles) for which we find in favor of the defendants." It is conceded that such a verdict is erroneous. As stated by PORTER, J., in Mann v. Salsberg, 17 Pa. Super. Ct. 280, "Where claimants in a proceeding under the Interpleader Act of May 26, 1897, P. L. 95, give a bond and take the goods, the value of the goods must be determined by the jury. It was the purpose of the act of assembly to provide a complete and convenient system for determining controversies of this character, without circuity of action.

The judgment is reversed and a venire facias de novo awarded.