County National Bank of Clearfield, Pa., Exr., Appellant, *v.* The Farmers Exchange et al.

Argued November 21, 1929.

Before PORTER, P. J., TREXLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*W. Wallace Smith,* and with him *John C. Arnold,* for appellant.—A purchaser at a tax collector's sale may leave the goods in the possession of the debtor without making them subject to the debtor's debts: McGregor v. Montgomery, 4 Pa. 237; Smith v. Crissman, 91 Pa. 428; Bisbing v. Bank, 93 Pa. 79.

*F. Cortez Bell,* and with him *Singleton Bell,* for appellee.—A distress for taxes due is not a judicial process but a private remedy of the tax collector: Ross v. Hallzman, 3 Cranch. 391; Dick v. Cooper, 24 Pa. 217.

Opinion by Linn, J., January 29, 1930:

A feigned issue was awarded to try title to personal property taken in execution by the sheriff on judgments which defendants in the interpleader had against one, Straw (Act of May 26, 1897, P. L. 95). The claimant of the property filed a bond, took the property and became plaintiff in the interpleader; the execution plaintiffs became defendants in the interpleader. The issue was tried and the jury found a verdict for the defendants in the sum of $1,389.25 (Saba v. McElwaine, 57 Pa. Superior Ct. 369). The plaintiff moved for judgment n. o. v. "as to all the items involved in this proceeding, except the following [7 items totaling] $423," and also for judgment n. o. v. generally. The refusal of the motions is assigned for error.

The case turns on the facts; the evidence was therefore necessarily for the jury; and there is no complaint of the manner in which it was submitted. Briefly, the case disclosed that the plaintiff's testator in 1922 had put Straw in possession of a farm and sold him the personal property on it, to be paid for in installments. Before the total was paid (December, 1926), the township tax collector levied on the personal property on the premises for taxes for 1924 and 1925 and sold it to the plaintiff. There was a dispute whether pursuant to an arrangement by the plaintiff and Straw, made the day before the tax sale, the plaintiff bought the property for Straw (and to be reimbursed by him) or whether plaintiff bought the property for the estate with the understanding that if he reimbursed plaintiff for the amount by it paid at the tax sale, Straw should then be reinstated, as purchaser, to the same position he occupied with regard to the personal property before the tax sale. After the sale, Straw paid to the executor $335 in cash and delivered to it a certificate of stock, par $300, of the Dairy Products Company endorsed in blank. There was also dispute

whether that certificate was received as security or as payment on account.

Defendant's executions issued October, 1927. There was then on the premises personal property which was not part of the property sold for taxes, but was produced afterward; plaintiff had no title to that property and in its motion for judgment stated its value to be $423. The jury was clearly instructed to consider the evidence and find what the arrangement was between Straw and the plaintiff, and if they found that Straw had purchased the property, that it and the other personal property levied upon which had been brought on the farm since the tax sale, was liable to the execution. The verdict of the jury of course settles the facts; on them the court properly refused plaintiff's motion for judgment n. o. v.

So far we have considered the case as the parties presented it here, but we must add, that as it was the function of the jury to find the value of the goods for the purpose of determining the amount of the liability on the bond, plaintiff could not require the court to fix the value of the items stated in plaintiff's motion for judgment n. o. v. at $423, and, in the circumstances as shown in the record, treat the plaintiff as entitled to the difference between the amount of the verdict and $423 stated in the motion. For that reason, also, the appeal would fail.

Judgment affirmed.