## Mann v. Frankel

*Wolkin, Sarner & Cooper*, for petitioner.
*Edward Cohen*, contra.

WEINROTT, J., March 7, 1957.—Plaintiff instituted an assumpsit action against defendant, Manuel Frankel, and obtained judgment by default in the amount of $5,340. Subsequently, execution was issued thereon and the Sheriff of Philadelphia County levied on certain personal property located on premises which were jointly owned by said defendant and his wife.

Defendant wife filed a property claim with the sheriff alleging that the goods levied upon were her sole property. The sheriff filed a rule for interpleader under the Sheriff's Interpleader Act of June 22, 1931, P. L. 883, 12 PS §2358 et seq. Defendant wife's petition to file her own bond was denied and the amount of the bond was fixed by the court at $4,000, in accordance with section 2 of the act.

After trial by a judge sitting without a jury on the issue of title to the property, judgment was entered in favor of the execution creditor and against claimant wife. Thereafter, the obligation of defendant wife and the surety on the interpleader bond was liquidated and the judgment against defendant wife, and $2,000 of the judgment against defendant husband was marked to the use of the surety company.

Plaintiff then issued a new execution process and the sheriff levied upon the same goods. Defendant wife again filed a property claim contending that she acquired title to the goods by virtue of her having filed a bond under the Act of June 22, 1931, and paying the value of the goods. The execution creditor then filed a petition for declaratory judgment contesting the validity of this property claim, but this was dismissed. His next course of action was to file a petition and rule to strikeoff the property claim filed by the defendant wife. This raises the issue now before this court. The position of the property claimant is that the petition and rule are improper pro-

cedure and that in the alternative either the rule should be dismissed and the interpleader process permitted to continue, or that this court determine the issue summarily.

Section 2 of the act provides that if the rule for interpleader shall be made absolute, claimant shall give bond to the Commonwealth of Pennsylvania with security to be approved by said court or a judge thereof, in double the appraised value of the goods and chattels claimed, or in double all claims with interest and probable costs thereon, for which said property is in legal custody, *whichever shall be the smaller amount, conditioned that he shall* at all times *maintain his title* to said goods and chattels claimed *or pay the value thereof to the party or parties thereunto entitled in accordance with their respective interest* therein *by reason of such executions or process or otherwise*, and thereupon the sheriff shall withdraw all levies and attachments on the property claimed and deliver any goods and chattels actually in his custody to claimant. Section 3 states that such bond shall inure to the benefit of plaintiff in the execution or process, or any other person who may be adjudged to have the right or title to said goods or chattels, or any part thereof, and successive suits may be brought thereon to use of such persons until the amount thereof is exhausted.

In section 4, it is said if there be more than one execution or process issued against said goods and chattels, only one bond shall be filed in the court out of which the said execution or process having the first lien issued, but notice of the intention to present security for approval shall be given to plaintiff in every such execution or process, and to the person found in possession of such goods and chattels.

If claimant files a bond in double the value of the goods claimed, he shall not be required to file an ad-

ditional bond for any plaintiff in any subsequent execution or process against the same defendant with respect to the same goods, but the bond filed shall inure to the benefit of such plaintiff, and said plaintiff may be made a party to the pending interpleader upon the first or prior execution or process.

This act is also to have a reasonable construction so as to accomplish its purpose which is to provide security for all plaintiffs who have executions levied upon the goods claimed. If the judgment is for a greater sum than the value of the goods, the bond will be for double the value of the goods, but if judgment is for a less sum, the bond will be for double the amount of the judgment, and if there are several executions, the bond will be for a sum large enough to cover all the judgments, that is double their amount, but in no case to be more than double the value of the goods. See Ellis v. Jester, 7 Dist. R. 277, decided under the old act of assembly.

Since the amount of the judgment exceeded $2,000, the bond was required to be fixed at double the value of the goods. It is clear, therefore, that when the court fixed the bond in the amount of $4,000, it based this upon a valuation of the property at $2,000. Pursuant to the statute, claimant having filed a bond in double the value of the goods claimed without any objection on the part of the execution creditor, claimant is clearly not required to file an additional bond for this execution creditor or any subsequent execution creditor against the same defendant with respect to the same goods. The debtor retained the right to intervene in the proceeding to determine title and could take any proceedings permitted by law against claimant if claimant has wrongfully taken possession of the goods.

When the bond is filed the levy is lifted and claimant is entitled to immediate possession. The execution

creditor is confined to the bond. See Amram's Common Pleas Practice, 6th Edition, p. 357 et seq.

While no appraisement of the property was made by the two appraisers appointed by the sheriff as the act requires, no objection was raised by the execution creditor. Section 8 of the act provides that the appraised value ascertained by the appraisement shall be prima facie evidence of the real value in any proceeding touching the ownership of said goods and chattels, but at the trial the real value thereof may be shown to be more or less than the appraised value, and a verdict and judgment rendered against claimant up to the value of said goods and chattels as so proven.

The execution creditor had ample opportunity to raise a question as to the value of the goods in issue and to seek a greater bond or to prove at the time of trial that the value of the goods was in excess of the value for which the bond had been fixed. This the execution creditor failed to do, and is now bound by the determination of the court which in effect has found that the true value of the goods in issue was $2,000. Where claimants, in a proceeding under the Sheriff's Interpleader Act, give a bond and take the goods, the value of the goods must be determined by the jury. It was the purpose of the act of assembly to provide a complete and convenient system for determining controversies of this character without circuity of action: Saba v. McElwaine, 57 Pa. Superior Ct. 369.

It is manifest from a reading of the entire act and upon equitable principles that the property claimant, upon giving bond for double the value of the goods, acquires a property right and interest in the goods at least to the extent of the value of the goods as fixed by the appraisement or by the finding of the jury or court.

The trial judge, having found in favor of the execution creditor for the sum of $2,000, determined the valuation of the goods. To permit the execution creditor to proceed again against the very same goods for an amount in excess of their valuation would be in direct contravention of the Sheriff's Interpleader Act, and would permit circuity of actions and inequities which the act was specifically designed to prevent.

We conclude, therefore, that plaintiff's rule to strike off the property claim of defendant Edith Frankel should be dismissed.

### Order

And now, to wit, this March 7, 1957, plaintiff's petition and rule to strike off the property claim of defendant Edith Frankel is dismissed.